TotteN, J.,
delivered tbe opinion of the court.
Action on a fire policy. On the 9th of January 1852, the defendant insured the plaintiffs, Hobbs <md Henley, aga/mst loss a/nd damage by fire, to the amount of three thousand dollars, upon the plaintiffs stock of groceries, in the store room then occupied by them in Nashville, the policy to continue one year.
It was provided in the policy that it was not assignable unless by defendants’ consent, expressed by endorsement made thereon, and if assigned in whole or in part without such consent, the liability of defendants was to cease. After the insurance was effected, Hobbs assigned all his interest in the subject insured to Henley, his partner, and thereafter, on the 12th of June 1852, the store room and groceries insured were consumed by fire, to the loss and damage of the plaintiff, six thousand six hundred dollars. The defendant refused to pay the indemnity stipulated for in the policy, and this action was instituted in the name of Hobbs and Henley for the use of Henley, to recover it. To the defendants’ plea that Hobbs had assigned his interest in the subject insured to Henley, the -plaintiffs replied that the assignment was by defendants’ consent. To this replication defendants demurred; on which there was judgment for defendants, and plaintiffs appealed.
Counsel for defendant insist that there must be a subsisting interest in the plaintiffs at the time of the loss, to entitle them to maintain a suit against the insurer for the indemnity stipulated for in the policy. That there was no subsisting interest in Hobbs, one of the plaintiffs, as he had assigned his interest in the subject *450 insured to Henley, the other plaintiff, and therefore the action cannot be maintained in their joint names.
It is further argued, that said assignment avoided the policy under a provision contained in it to that effect, and that the risk of defendant therefore ceased. Now a policy of insurance is not' negotiable, and an assignment of it will not pass the legal title to the assignee. But it is a chose m action assignable in equity, and this equitable interest will be recognised and protected as in other cases where dioses in action are assigned. The action at common law must be in the name of the assignor, the legal owner, for’ the use of the assignee, the equitable owner, and the insurer will be entitled to all defenses, as set-off, or otherwise, that exist in his favor, against the original assured. 4 Kent Com., 261, 375. 1 Phil, on Ins., 61. But the -assignment will be of no value to the assignee unless the subject insured or an interest therein be also assigned. 3 Kent Com., 375. And, therefore, if the subject insured be assigned, and not the policy also, and a loss happen, neither the original assured, nor the assignee of the property can recover indemnity from the underwriter, the former not being owner of the property, has sustained no loss, and the latter had 'acquired no interest in the policy, for a sale of the subject insured does not operate as an assignment of the policy. 1 Phil. on Ins., 62. But in the present case the policy contains a provision against its assignment, unless it be with the consent of the insurer.
A restriction in a policy that it shall become void by assignment without the consent of the underwriters, is not void as an unlawful restraint upon the transfer of property, but is to be strictly construed, 1 Phil. on Ins., *451 73. 5 Pick. R., 75. And being so construed, the restriction does not apply to a transfer by act of law, nor to a transfer to a trustee for the benefit of tbe assured and bis creditors, nor to a transfer by will. 3 Kent Com., 375. 1 Phil. on Ins., 74. But if the assured make a voluntary assignment of his entire interest in the subject vnswred, he cannot, also, under this provision assign the policy so as to continue the risk upon the underwriters; but the risk will cease, unless the subject insured be re-assigned during the term limited for the continuance of the policy, and in that case it may perhaps revive. The assignment of the property insured does not render the policy void, but it leaves no interest in the assured upon which it can operate. But if a part only of the property be assigned, the risk will continue upon the insurers as to the residue; for in such case, the risk is less than that which the contract imposed. As to this there can be no question. Mow if two persons insure property and one assign his interest to the other, can the rule be different? Meare of opinion that it cannot. In principle the cases are the same. But the assignee cannot recover for a loss of interest assigned to, him, for that has ceased to be covered by the policy. But there can be no reason why he may not recover for a loss of the residue, which he owned at the time of the insurance and at the time of the loss.
It is true as argued, that the assured must have an interest at the time of the loss, and his recovery will be limited by the extent of that interest and loss. If part of the subject insured be assigned, there can be no recovery for that, but only for the residue as we have seen. Reed vs. Cole. 3 Burr, 1512. Stetson vs. Mass. Ins. Co. *452 4 Mass. 330. Now as to the remedy, we think it clear that the aetion must be in the name of both the plaintiffs, for in them the legal interest is vested. We have seen that the policy is a mere chose in action, and where there is no prohibition against its assignment, the assignee takes only an equitable interest, and his remedy must be in the name of the legal owner. In the present case there is an assignment of part only of the subject insured, and for the loss of that the action must be in the name of both the assured. If the underwriters did not consent to the assignment, the recovery will be limited as we have seen, to the loss of the residue of the property insured, which had not been assigned. But if the underwriter consented to the assignment, and that the policy should continue as before, the right to recover would extend to the property assigned also, for that would be a waiver of the prohibition contained in the policy. The consent to be expressed according to the terms of the prohibition, by endorsement on the policy.
The cases of Murdock vs. Chenango Mutual Insurance Company, 2 Comstock R., 216, and Howard vs. Albany Ins. Co., 3 Denio R., 302, relied upon by defendants’ counsel, we have carefully considered, and we deem it necessary only to say, that we do not concur in the doctrine of those cases, nor consider it founded ih principle or authority.
Let the judgment be reversed, and the cause be remanded.
Judgment reversed.